IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN DEWAYNE JOHNSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-10-3966 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conditions of parole and parole revocation. Pending before the Court are respondent's motion for summary judgment (Docket Entry No. 18) and petitioner's response to the motion (Docket Entry No. 23).

Based on consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner was convicted of murder and sentenced to twenty-five years incarceration in 1995. He was released to parole on October 27, 2007, subject to certain conditions, including Super Intensive Supervision Program ("SISP") conditions. Petitioner's parole was

subsequently revoked on January 16, 2009, following a hearing and decision by the Texas Board of Pardons and Paroles (the "Board").

Petitioner filed his first state habeas application raising parole-related claims and a time credit claim on October 1, 2009. The Texas Court of Criminal Appeals dismissed the application on February 28, 2010, as non-compliant with Texas Government Code sections 501.0081(b) and (c). *Ex parte Johnson*, WR-28,144-05 (Docket Entries No. 13-8, 13-9, 13-10). Petitioner's second habeas application, filed on July 1, 2010, was denied on the merits by the Texas Court of Criminal Appeals on August 11, 2010. *Ex parte Johnson*, WR-28,144-06 (Docket Entry No. 3-3.)

Petitioner filed the instant federal habeas petition on October 1, 2010, raising the following claims for relief:

(1) He was denied an evidentiary hearing on state collateral review.

(2) His parole revocation was an erroneous evaluation based on inaccurate information.

(3) He was denied the opportunity to reopen his revocation hearing.

(4) His rights to due process and protection against cruel and unusual punishment were denied by:

    (a) the State's breach of contract regarding parole conditions;

    (b) the imposition of SISP conditions of parole; and

    (c) the State's failure to give adequate notice of violations of law.

    (5)    He was denied his right to confront and cross-examine the State's witnesses during his revocation hearing.

Respondent moves for dismissal of petitioner's claims as unexhausted, procedurally defaulted, time barred, or without merit. Because petitioner's claims are barred by limitations or have no merit, they will be dismissed without regard to exhaustion.

## II. THE APPLICABLE LEGAL STANDARDS

### A. Habeas Review

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal

3

principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31. The statutory burden placed on a federal habeas petitioner is "difficult to meet," *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786 (2011), creating a highly deferential standard for evaluating state court rulings, and demands that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact

4

and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. ANALYSIS

A.   <u>Claims Barred by Limitations</u>

Under AEDPA, federal habeas corpus petitions are subject to the one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Respondent contends that petitioner's claim challenging the imposition of SISP restrictions as a condition of his parole is barred by limitations. The SISP conditions were imposed on petitioner on October 29, 2007, when he was released to parole. Petitioner was aware of these conditions at that time, as he signed his conditions of parole. (Docket Entry No. 13-8, pp. 64-65.) Accordingly, limitations commenced as to the claim on that date, and expired one year later, on October 29, 2008. 28 U.S.C. § 2244(d)(1)(D). Petitioner did not challenge his conditions of parole through state collateral review until 2009 and 2010, after expiration of the federal statute of limitations. Petitioner establishes no grounds for statutory

or equitable tolling, or show that limitations commenced at a later date under any other provision of section 2244(d)(1), and his claim is barred by limitations.[1]

Respondent further argues that petitioner's claims arising from the revocation decision and hearing are barred by limitations. Limitations as to these claims commenced, at the latest, on March 17, 2009, when petitioner's sixty-day deadline for moving to reopen the hearing expired under state law. 28 U.S.C. § 2244(d)(1)(A).[2] Thus, federal limitations expired one year later, on or about March 17, 2010, unless tolled by petitioner's filing of an administrative time-credit dispute resolution request ("TDR") or state habeas application. *See Stone v. Thaler*, 614 F.3d 136, 138-139 (5th Cir. 2010).

Respondent contends that petitioner's first state habeas application, filed on October 1, 2009, did not toll limitations because it was dismissed for petitioner's failure to comply with Texas Government Code section 501.0081(b). Section 501.0081(b) specifically provides that, "an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until" he has

---

[1] Even assuming this claim were not time barred, it is without merit. *See, e.g., Smith v. Kimbhal*, 2011 WL 1304862, *2 (5th Cir. 2011).

[2] Petitioner states that he filed a motion to reopen the revocation hearing on January 29, 2009, within the sixty-day deadline of Texas Administrative Code § 146.11. The document referenced by petitioner as his motion is attached to petitioner's second state habeas application. (Docket Entry No. 3-3, p. 33-34.). This document is typewritten, unsigned, and reflects no indicia of having been filed. In petitioner's first habeas application, the State submitted an affidavit of Christina Propes, Assistant Director, Review and Release Processing Section of the Parole Division, who testified that petitioner sought to reopen his revocation hearing on August 13, 2009, and that the request was denied as untimely. (Docket Entry No. 13-8, p. 60.)

resolved his TDR through an administrative proceeding. Although petitioner does not raise a time-credit issue in the instant petition, his first state habeas application included claims challenging both the revocation proceedings and his ensuing loss of time credit. The trial court denied all of petitioner's claims on the merits, but the Texas Court of Criminal Appeals dismissed the application, citing sections 501.0081(b) and (c). Thus, if petitioner's first habeas application was "properly filed" and entitled to the tolling provisions of § 2244(d)(1)(2), his instant claims are not time barred. A negative determination of that question, however, would result in petitioner's pending federal claims being barred by the one-year limitation.

In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), the Supreme Court held that, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." The Court emphasized that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious *and free of procedural bar.*" *Id.*, at 9 (emphasis added). The *Artuz* Court held that a procedural bar requiring a court to deny successive claims did not "set forth a condition to filing." *Id.* at 11.

In cases since *Artuz*, the Fifth Circuit has held that, if the applicable procedural rule is an absolute bar to filing such that it provides no exceptions and the court need not examine issues related to substance to apply the procedural rule, then the non-compliant application is not "properly filed." *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004); *Emerson v.*

8

*Johnson*, 243 F.3d 931, 933-34 (5th Cir. 2001). In *Stone*, the Fifth Circuit recognized that section 501.0081 requires prisoners to seek administrative review of their time-credit disputes before filing a state habeas application, and that they are prohibited from pursuing state habeas relief until they receive a written decision or until 180 days elapse, whichever occurs first. 614 F.3d at 138. Thus, a harmonious application of *Larry* and *Stone* to the instant case might suggest this Court find that petitioner's first state habeas application did not toll limitations as it was not a properly-filed application under state law. However, by its very terms, section 501.0081 *does* provide an exception to the administrative review requirement:

> (c)  [This requirement] does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system [described above] *or, if an application for a writ of habeas relief is not otherwise barred, by raising the claim in that application.*

Texas Government Code § 501.0081(c) (emphasis added). Because of this exception, application of the section 501.0081 procedural bar cannot be blindly applied in all cases. Thus, under *Larry*, a state habeas application may be "properly filed" without the prisoner first pursuing a TDR if the prisoner falls within the parameters of subsection (c).

The Fifth Circuit has yet to address squarely the question of whether a state habeas application dismissed pursuant to section 501.0081 is a "properly-filed" habeas petition for purposes of tolling the AEDPA limitation. Given the current lack of clarity in the law, this

9

Court will not dismiss petitioner's parole revocation claims as barred by limitations. Petitioner's claims are, however, without merit, as follows.

B. Claims Arising from the Parole Revocation and Hearing

Petitioner challenges his revocation hearing and ruling under three grounds: (1) that it was an erroneous evaluation based on erroneous information; (2) that he was not provided "adequate notice of violations of law," and (3) he was denied his right to confront and cross-examine two State witnesses.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court fully discussed the rights that must be afforded to a parolee in conjunction with parole revocation proceedings. In that decision, the Supreme Court noted that the revocation of parole is not part of a criminal prosecution and the full panoply of rights due a defendant does not apply. *Id.* at 480. The Supreme Court held that a parolee is entitled to a preliminary and final revocation hearing and that the revocation procedures must provide (1) written notice of the violations charged, (2) disclosure to the parolee of the evidence against him, (3) the opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses unless the hearing officer finds good cause for disallowing such confrontation, (5) a neutral and detached hearing officer, and (6) a written statement by the fact finder identifying the evidence and reasons supporting the revocation decision. *Id.* at 489. *See also Meza v. Livingston*, 607 F.3d 392, 404 (5th Cir. 2010). The Supreme Court emphasized that the inquiry is narrow and should be flexible enough to

consider evidence of letters, affidavits and other materials that would not be admissible in an adversarial criminal trial. *Id.* For a petitioner to obtain habeas relief, he must show the violation of one of these enumerated rights.

Petitioner claims that his parole revocation was an erroneous evaluation based on erroneous information. In support, petitioner complains that the evidence presented against him at the hearing was "impeachable, indispensable [sic], insufficient, intrinsic, negative, and presumptive." (Docket Entry No. 2, p. 5.) He further complains that the evidence was "circumstantial, not clear and convincing, conflicting, false, hearsay, and opinionating [sic]." *Id.* In denying this claim, the state court on collateral review found that, "The applicant fails to allege any factual support for his claim that the State relied on faulty and improper evidence to revoke his parole, and therefore is not entitled to relief." (Docket Entry No. 3-3, p. 42.) The trial court further found, in petitioner's first state habeas proceeding, that, "According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, sufficient evidence was presented to legally and factually justify the revocation of the applicant's parole[.]" (Docket Entry No. 3-10, p. 20.)

By asking this Court to re-weigh the evidence and the credibility of the witnesses, petitioner does not meet the high burdens imposed by AEDPA to show that the state court's determination and denial of habeas relief were objectively unreasonable or were contrary to, or constituted unreasonable applications of, clearly established federal law. His conclusory

challenges to the veracity of the witnesses and accuracy of the evidence are insufficient to raise a genuine issue of material fact precluding summary judgment.

Moreover, under *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993), only "some evidence" is constitutionally required to support a parole revocation. The revocation records in petitioner's case meets that standard. Petitioner's parole officer testified that petitioner removed his monitoring bracelet and traveled to an undisclosed location. Testimony of Diane Jackson, Larry Hargrove, and Officer Gomez established that petitioner had threatened to kill Jackson and damaged an automobile owned by Hargrove's son, supporting the Board's finding that petitioner had made a terroristic threat and engaged in criminal mischief. (Docket Entry No. 13-9, pp. 23-24, 58-59; Docket Entry No. 13-10, pp. 1-3.) Petitioner is not entitled to habeas relief under these evidentiary challenges to his parole revocation.

Petitioner also complains that the State failed to give him "adequate notice of violations of law." This argument is refuted by the record, which shows that, on December 4, 2008, petitioner was provided a copy of the "Notice of Alleged Violations of Release," which set forth four alleged parole violations; the nature, date, and location of each violation; and the names of two complainants, Diane Jackson and Larry Hargrove. (Docket Entry No. 13-10, p. 6.) Petitioner was provided a preliminary and a final revocation hearing. Petitioner's continuing disagreement with the validity of these alleged violations does not constitute a violation of his right to written notice of the violations charged under *Morrissey*.

Nor was the State required to commence criminal prosecution against him for any of the asserted violations. Petitioner is not entitled to habeas relief under this claim.

Petitioner's claim that he was denied the right to confront and cross-examine two of the State's witnesses during the revocation hearing is without factual or legal merit. In denying these claims, the state court on collateral review made the following relevant findings:

> 10. A parolee has the right to confront and cross-examine witnesses subject to the hearing officer's discretion based upon good cause.
>
> 11. Subject to the hearing officer's discretion, evidence including letters, affidavits and other materials are admissible in a parole revocation hearing.
>
> 12. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, the applicant was denied the opportunity to confront and cross-examine Houston police Officer Cox, who was subpoenaed to appear at the hearing, but did not respond to the subpoena.
>
> 13. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, attempts were made to contact Officer Cox with negative success.
>
> 14. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, good cause was found to deny the applicant's request to continue the hearing and re-subpoena Cox.
>
> 15. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, Cox was a non-essential witness.

16. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, no testimony was heard or received from Cox.

17. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, no findings of fact or conclusions of law were based on any information received from Cox.

\* \* \* \*

20. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, Larry Hargrove, Jr., was subpoenaed to appear at the parole revocation hearing, but did not respond to the subpoena.

21. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, no testimony was heard or received from Larry Hargrove, Jr.

22. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, no findings of fact or conclusions of law were based on any information received from Larry Hargrove, Jr.

23. According to the credible affidavit of Christina Propes and the Administrative Release Hearing Report attached thereto, the applicant waived confrontation and cross-examination of Anetria Hargrove.

(Docket Entry No. 13-10, pp. 18-20.) The state court found that petitioner failed to show in any way that his parole revocation was improper or his confinement illegal. *Id.*, p. 20.

Petitioner's complaint that the State failed to show good cause for denying him his right to confront and cross-examine Anetria Hargrove is groundless. (Docket Entry No. 2, p. 8.) As shown above, the state court found that petitioner waived confrontation and cross-

examination of this witness; the record supports this finding. (Docket Entry No. 13-9, p. 23.) Petitioner does not contest this finding or present probative summary judgment evidence that he did not waive his right to confront and cross-examine the witness, and he is not entitled to habeas relief under this claim.

Nor is petitioner entitled to habeas relief regarding his inability to confront and cross-examine Officer Cox or Larry Hargrove, Jr. The hearing record shows that eyewitnesses other than Officer Cox and Larry Hargrove, Jr., were present and testified to petitioner's actions based on their personal knowledge. (Docket Entry No. 13-9, pp. 23-24.) In particular, complainant Diane Jackson was present and testified that petitioner threatened to kill her. *Id.*, pp. 59; Docket Entry No. 13-10, pp. 1-2. Larry Hargrove, Sr., was present and testified that he saw petitioner damage his son's vehicle. Hargrove also testified that petitioner had agreed to pay him for the damage. Petitioner's parole officer was present and presented testimony regarding petitioner's violations of his SISP conditions of parole. (Docket Entry No. 13-9, pp. 23-24, 58-59.) Even assuming petitioner were denied a procedural due process right to confront and cross-examine these individuals, he shows no harm, as he presents no probative summary judgment evidence that their testimony or cross examination would have provided petitioner favorable evidence. *See Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999) (holding that habeas relief may not be granted unless the error at issue had substantial and injurious effect or influence in determining the proceeding's outcome).

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

C. <u>Non-Cognizable Habeas Claims</u>

Petitioner's claim that he was denied an evidentiary hearing on state collateral review fails because "infirmities in State habeas proceedings do not constitute grounds for relief in federal court." *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001). An attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself, which is the issue in federal habeas. *Id.* at 320. *See also Drevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). The state court's determination that an evidentiary hearing was unnecessary does not give rise to a federal constitutional issue entitling him to habeas relief.

Petitioner fares no better in his complaint that he was not provided an opportunity to re-open his revocation hearing under state law. An opportunity to seek the re-opening of a revocation hearing is not a procedural due process right afforded petitioner under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and no cognizable habeas claim is raised.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 18) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 7th day of July, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE